25-531-cv
HDI Glob. Ins. Co. v. Kuehne + Nagel, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-six.

PRESENT:  DENNY CHIN,
 RAYMOND J. LOHIER, JR.,
 STEVEN J. MENASHI,
 *Circuit Judges*.

------------------------------------------------------------------

HDI GLOBAL INSURANCE CO.,

*Plaintiff-Appellant*,

v.                                                                    No. 25-531-cv

KUEHNE + NAGEL, INC.,
TRADING AS BLUE ANCHOR
AMERICA LINE,

*Defendant-Appellee.**

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT: JAMES A. SAVILLE, JR. (Charles M. Henderson, III, *on the brief*), Hill Rivkins LLP, New York, NY

FOR DEFENDANT-APPELLEE: EDWARD W. FLOYD (Eva-Maria Mayer, *on the brief*), Floyd Zadkovich (US) LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant HDI Global Insurance Co. ("HDI") appeals from the judgment of the United States District Court for the Southern District of New York (Liman, *J.*) awarding HDI $12,000 in damages in its subrogation claim against Defendant-Appellee Kuehne + Nagel, Inc. ("K+N").[1] HDI also seeks review of the District Court's orders denying HDI's motion to strike certain

---

[1] The District Court did not enter final judgment in a separate document as required by Rule 58 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 58(a). But "failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order." Fed. R. App. P. 4(a)(7)(B). Under Rule 58(c)(2)(B), the judgment became final on July 10, 2025, 150 days after the order was entered on the docket. *See* Fed. R. Civ. P. 58(c)(2)(B).

defenses and motion for reconsideration of that denial.[2]  We assume the parties'

familiarity with the underlying facts and the record of prior proceedings, to

which we refer only as necessary to explain our decision to affirm.

In 2022 non-party Mahle Behr Charleston, Inc. ("Mahle") placed several

orders for electrical wire harnesses (the "Cargo") from non-party Electrical

Components International S.L.U. ("ECI").  Mahle retained K+N, a non-vessel-

operating common carrier, to transport the Cargo from ECI's warehouse in

Zaragoza, Spain, to Mahle's facility in Charleston, South Carolina.  HDI served as

Mahle's insurer for the Cargo, which was to be shipped pursuant to four sea

waybills prepared by K+N (the "Sea Waybills") and was packaged in 480 cartons

which were in turn secured on 24 pallets.  In October 2022 the Cargo fell into the

sea while being loaded in Spain and was destroyed.

In July 2023 HDI commenced a subrogation action against K+N for the

value of the destroyed Cargo.  Section 4(5) of the Carriage of Goods by Sea Act

---

[2] The parties dispute whether HDI's motion to strike certain defenses, though styled as a motion to strike, was in fact a motion for partial summary judgment.  Because HDI challenges the District Court's denial of this motion on appeal only on the basis that the District Court erred by failing to apply the number listed in the "Number of Packages" column on the face of the four sea waybills, an argument that we reject, we need not decide whether the District Court construed HDI's motion to strike as a motion for partial summary judgment.

(COGSA), incorporated by reference in the Sea Waybills, limits a carrier's liability "for any loss or damage to or in connection with the transportation of goods" to $500 per "package." 46 U.S.C. § 30701 note. After the District Court denied several pretrial motions, the parties agreed to a bench trial limited to the question of whether the 480 cartons or the 24 pallets should be considered the relevant "packages" for COGSA limitation of liability purposes. The District Court determined that the pallets constituted the relevant "packages."

"In reviewing the decision of a district court following a bench trial, we review findings of fact for clear error and conclusions of law *de novo*." *Hamilton Int'l Ltd. v. Vortic LLC*, 13 F.4th 264, 271 (2d Cir. 2021) (quotation marks omitted). Questions of contract interpretation, as questions of law, are reviewed *de novo*. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). Federal law controls the interpretation of maritime contracts where, as here, "the dispute is not inherently local." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 22–23 (2004). "The question of what constitutes a COGSA package . . . is largely and in the first instance a matter of contract interpretation." *Allied Chem. Int'l Corp. v. Companhia de Navegacao Lloyd Brasileiro*, 775 F.2d 476, 485 (2d Cir. 1985). "The number appearing under the heading 'NO. OF PKGS.' is our starting point." *Seguros*

4

*"Illimani" S.A. v. M/V Popi P*, 929 F.2d 89, 94 (2d Cir. 1991). That number does not control, however, where it is "plainly contradicted by contrary evidence of the parties' intent." *Id.*

Here, the number listed in the "Number of Packages" column on the front of the Sea Waybills reflects the number of cartons. We agree with the District Court, however, that "the significance of that number is plainly contradicted" by the terms and conditions on the reverse side of the Sea Waybills. *Id.* at 94. Clause 6.1(c) of the terms and conditions governs K+N's liability for carriage to, from, or through any port of the United States and provides in relevant part:

> For limitation purposes under COGSA, it is agreed that the meaning of the word "package" shall be any palletised . . . assemblage of cartons which has been palletised . . . for the convenience of the Merchant, [including the shipper and consignee,] regardless of whether said pallet . . . is disclosed on the front hereof.

Joint App'x 522, 524, 526, 528. Clause 6.1(c) expressly identifies the pallets as the relevant "packages" for COGSA limitation purposes "regardless of whether said pallet . . . is disclosed on the front [of the sea waybill]." Joint App'x 522, 524, 526, 528. Clause 6.1(c) thus "plainly contradict[s]" and therefore displaces the number listed on the front of the Sea Waybills. *See Seguros*, 929 F.2d at 94.

Citing *Monica Textile Corp. v. S.S. Tana*, in which we observed that boilerplate clauses on the back of a bill of lading "carry little weight toward

5

establishing intent," 952 F.2d 636, 643 (2d Cir. 1991) (cleaned up), HDI responds that the District Court's reliance on clause 6.1(c) is misplaced. At issue in *Monica Textile* was whether a ship's 20-foot shipping container constituted the relevant COGSA "package." *Id.* at 637. Answering in the negative, we "rejected any notion that container and non-container cases were interchangeable; they were then and remain now separate lines of authority." *Id.* at 640. Although we "take a critical look at clauses purporting to define the container as the COGSA package," we explained that "[i]n non-container cases we . . . generally defer[] to the parties' intent, as manifested by their bill of lading." *Id.* at 641 (quotation marks omitted).

On this appeal, "we are not faced with a case where the parties have attempted to define the word package by their agreement in a manner that might be repugnant to [COGSA]." *Allied Int'l Am. Eagle Trading Corp. v. S.S. "Yang Ming*," 672 F.2d 1055, 1062 (2d Cir. 1982) (quotation marks omitted). We accordingly reject HDI's argument premised on *Monica Textile* and hold that the parties unambiguously agreed that pallets, not cartons, are the relevant "packages" for COGSA limitation of liability purposes.

HDI adds that the District Court's reliance on clause 6.1(c) also conflicts with clause 1 of the terms and conditions, which defines "package" as the number "entered in the box on the face [of the sea waybill]." Joint App'x 522, 524, 526, 528. We agree with the District Court that the definition of "package" in clause 1 applies when the more specific definition in clause 6.1(c) does not apply. If, for example, the cargo had not been palletized, or had been palletized for the convenience of the carrier rather than the shipper or consignee, clause 6.1(c) would not apply and clause 1's definition of "package" would control. The requirement that we give a "reasonable and effective meaning to all terms of a contract" compels us to reject a construction of clause 1 that would read clause 6.1(c) out of the Sea Waybills entirely. *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 179 (2d Cir. 2014) (quotation marks omitted).

To the extent that the meaning of "package" in the Sea Waybills might be considered ambiguous, the District Court resolved any ambiguity by considering parol evidence and finding, consistent with a longstanding course of dealing between the parties, that the pallet was the relevant shipping unit. The District Court did not clearly err in finding that ECI palletized the cartons on Mahle's request because it was safer and more efficient for Mahle to receive the Cargo in

7

pallets than in individual cartons. And the trial evidence also supported the court's finding that K+N was obligated to pick up, load, and deliver the pallets that ECI prepared without regard to the number of cartons that each pallet held. The District Court's findings as to the parties' course of dealing reinforces its ultimate conclusion that the parties intended the pallets to constitute the relevant "packages" for COGSA limitation purposes. *See Crescent Oil & Shipping Servs., Ltd. v. Phibro Energy, Inc.*, 929 F.2d 49, 52 (2d Cir. 1991).

We have considered HDI's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court